## Wilkes-Barre Co., Appellant, *v.* Public Service Commission.

*Public Service Commission—Appeals—Time within which appeal must be taken—Act of July 26, 1913, Art. VI, Sec. 14, P. L. 1424.*

Where a light company applies to the Public Service Commission for a certificate of public convenience approving a contract between the company and the city, and another company files a protest, but does not intervene and become a party to the proceedings in the manner provided by Section 14 of Art. VI of the Public Service Company Law of July 26, 1913, P. L. 1424, the protesting company is not entitled to notice of the "determination" of the commission; and if it is entitled to appeal at all it must do so "within thirty days after the filing" of the determination by the commission.

*Public Service Commission—Light companies—Contract with city—Jurisdiction of commission.*

Where a light company petitions the Public Service Commission for a certificate of public convenience evidencing the approval of an ordinance contract ordained by a city prescribing the conditions upon which the city would consent to the entry upon its streets by the company, the existence of a contract, absolutely binding upon the city and the company is not necessary to the exercise

of jurisdiction by the commission, if it appears that the ordinance was not enacted until after the passage of the Public Service Company Act, that it did not require the company to enter into any contract until after the approval by the commission, but did provide in effect that the company might enter upon the streets if it accepted the provisions of the ordinance by a corporate action within ninety days, or all its property and equipment to be forfeited to the city, with a further provision that if the company were prevented by litigation from taking such action the time for so doing should not begin to run until from the date of the final disposition of such litigation.

It is not the function of the Superior Court to act as a second administrative commission. The finding of the commission that the approval of an application is necessary and proper for the service accommodation, convenience, or safety of the public, is prima facie evidence of the reasonableness thereof, and the burden of proving the contrary rests upon the person denying it.

Argued Dec. 7, 1917. Appeal, No. 17, March T., 1918, by plaintiff, from order of Public Service Commission, No. 234, M. C. Docket, 1915, awarding certificate of Public convenience in case of Wilkes-Barre Company v. Public Service· Commission of the Commonwealth of Pennsylvania and M. J. Mulhall, Receiver of Wilkes-Barre Light Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Petition for certificate of public convenience.
The opinion of the Superior Court states the facts.

*Error assigned* was the order awarding certificate of public convenience.

*Morton G. Bogue, Douglass D. Storey, W. C. Price* and *Ralph J. Baker,* for appellant.—The appellant as a party was affected by the finding, determination and order of the commission: White v. Meadville, 177 Pa. 643; Citizens Electric Illum. Co. v. Lackawanna Wyoming Valley Power Co., 255 Pa. 145.

There was no valid contract or franchise made and presented to the commission by any party competent to

do so: Gravenstine's App., 49 Pa. 310; Treat v. Penna. Mut. Life Insurance Co., 199 Pa. 326; Hammond's App., 123 Pa. 503.

*William I. Hibbs* and *William N. Trinkle*, for the Wilkes-Barre Light Co.—The alleged appellant was merely a protesting company in the proceedings before the Public Service Commission upon the appellee's application for a certificate of public convenience, under Section 11, Article III, and Sections 18 and 19 of Article V of the Public Service Act, and within the meaning of the law and said act, was not a "party to the proceedings affected" by the "determination" of the commission granting such certificate of public convenience and, therefore, not entitled under the Public Service Act to take the appeal: Pennsylvania Power Co. v. Public Service Commission, 66 Pa. Superior Ct. 448; Com. v. Ramsay, 166 Pa. 642; Kimber v. Schuylkill County, 20 Pa. 366; Vaux's App., 109 Pa. 497; Nobles v. Piollet, 16 Pa. Superior Ct. 386; Reaves v. Ainsworth, 219 U. S. 225; Deggee v. Hitchcock, 229 U. S. 162.

That even if the appellant company were otherwise entitled to take an appeal from said "determination" (and it is not), nevertheless, the appeal here attempted to be taken is clearly unauthorized, for the further and independent reason that it was taken more than "thirty days after the filing of" said "determination by the commission" contrary to the express limitations imposed upon the right of appeal by Section 17 of Article VI of the Public Service Act.

An existing contract was not necessary to give the commission jurisdiction.

*Berne H. Evans,* for Public Service Commission.

OPINION BY PORTER, J., October 30, 1918:

The Wilkes-Barre Light Company, the intervenor, presented its petition to the Public Service Commission,

praying for a certificate of public convenience, evidencing the approval by the commission of a certain ordinance contract ordained by the City of Wilkes-Barre, prescribing the conditions upon which the city would consent to the entry upon its streets by the corporation, for the purpose of supplying light, heat and power. The Wilkes-Barre Company, a corporation already having the right, under its charter, to supply light, heat and power within the municipality, protested against the approval of the contract ordinance by the commission. The proceedings before the commission were protracted, much testimony was taken and after the parties were fully heard, the commission approved of the ordinance and granted a certificate of public convenience. The Wilkes-Barre Company appeals from that action of the commission.

The determination of the commission appealed from in this case was filed and the order that the certificate of public convenience issue was made on May 22, 1917. The appeal of the Wilkes-Barre Company to this court was taken on June 28, 1917. The Public Service Company Law, Act of July 26, 1913, Article VI, Sec. 17, P. L. 1424, relating to appeals from the Public Service Commission, provides: "Within thirty days after the filing of any finding or determination by the commission, or after the date of service of any order,......any party to the proceeding affected thereby may appeal therefrom." It was manifestly the legislative intention to make a distinction between those cases in which the action of the commission involved only the approval of something in which the general public had an interest, but did not directly affect the rights or property and did not require any individual or corporation to perform any service, such a case as that with which we are now dealing, on the one hand; and those in which the commission issued an order, requiring some individual or corporation to do or abstain from doing some act, or to perform the act in a certain way, and in which notice to

the party affected was a reasonable requirement. This appellant had not availed itself of its right to intervene and become a party to the proceeding, in the manner provided by Section 14 of Article VI, of the Public Service Company Law, and was not entitled to notice of the "determination" of the commission; as to it, if it was entitled to appeal, the time began to run from the filing of the determination. We might, therefore, quash the appeal upon this ground. This being the first case, however, in which this question has been raised, we deem it well to consider the questions argued by counsel and so ably discussed in their respective briefs, in so far as they go to the merits of this litigation.

The principal question upon which the parties are at variance is: "Was there any valid contract or franchise agreement made and presented to the commission by a party competent to do so?" This is the second question presented by the appellant in its statement of the questions involved. Mature consideration of the provisions of the ordinance of the City of Wilkes-Barre and the facts presented to the commission has led us to the conclusion that the existence of a contract, absolutely binding upon the city and upon the company, was not necessary to the exercise of jurisdiction by the commission in this case. The Wilkes-Barre Light Company was incorporated under the provisions of the Act of May 8, 1889, P. L. 136, and its right to enter upon the streets of the city was subject to the limitation contained in that statute, viz: "No company shall enter upon any street in any city......until after the consent to such entry of the councils......shall have been obtained." The city had the right to determine the conditions upon which it would consent. The ordinance here involved contained provisions not only regulating the manner in which the appliances of the light company should be installed upon the streets, but required the company to enter into a contract to furnish certain service to the city gratuitously, to bid upon furnishing street lights

to the city at not exceeding certain rates, to furnish light to the residences of citizens at not exceeding certain rates and to do other things not necessary here to specify. The tenth section of the ordinance provided, inter alia, that if the company failed "to accept the provisions of this ordinance,......within ninety days from the passage of this ordinance,......then in all such case all property, including the plant and equipment, rights and franchises whatsoever of the said company shall become the absolute property of the City of Wilkes-Barre." The fourteenth section of the ordinance contained provisions which, in our opinion, are controlling. "Should the Wilkes-Barre Light Company be prevented by legal procedure before the Public Service Commission......, or appeal therefrom......to the Superior Court or Supreme Court of the State of Pennsylvania, or by any proceeding at law or in equity of the Courts of Common Pleas of this Commonwealth, not undertaken nor used for the purpose of delay, from exercising and enjoying the privileges herein granted, the said time, specified in sections two, ten and thirteen of this ordinance, preceding the phrase 'after the passage of this ordinance' shall not begin to run until from the date of the final disposition of such litigation." The ordinance did not contain any provision requiring the company to accept its terms before entering upon the streets. What the municipal authorities said was, practically, "You may enter upon the streets, if you do so you must accept the provisions of this ordinance, by proper corporate action, within ninety days or all your property, equipment, rights and franchises will become the absolute property of the city, but if you are prevented, by the legal procedure specified in the fourteenth section of this ordinance, from exercising and enjoying the privileges herein granted, the said time within which you must accept the ordinance shall not begin to run until from the date of the final disposition of such litigation."

This ordinance granting the consent of the city to the entry of the company upon the streets was not passed until August 3, 1915, after the enactment of the Public Service Company Law. Article III, section 2, of that statute provides: "Upon the approval of the commission, evidenced by its certificate of public convenience, first had and obtained, and not otherwise, it shall be lawful for any proposed public service company......(b) To begin the exercise of any right, power, franchise, or privilege under any ordinance, municipal contract, or otherwise." Section 11 of the same article of the statute provides that: "No contract or agreement between any public service company and municipal corporation shall be valid unless approved by the commission;" and provided that, "Upon notice to the local authorities concerned, any public service company may appeal to the commission, before the consent of the municipal authorities has been obtained, for a declaration by the commission of the terms and conditions upon which it will grant its approval of such contract or agreement if at all." The municipal authorities evidently assumed that this statute was a valid exercise of legislative power and that it was incumbent upon the company to obtain the approval of the commission before it could begin to exercise the privilege to enter upon the streets granted by the ordinance. The ordinance did not require the company to enter into any contract until after approval by the commission. It seems clear that it was the intention of the municipal authorities that the company should obtain the approval of the commission, as provided by Article III, Sec. 2, paragraph (b) of the Public Service Company Law: "To begin the exercise of the right," to enter upon the streets provided for by the ordinance. What was really sought by the proceeding was the approval by the commission of the exercise by the company of the right to enter upon the streets conferred by the ordinance. If there has been no valid acceptance of the ordinance by the company, such acceptance is not dispensed

with by the approval of the commission. Whatever
rights the company acquires under the ordinance and
the approval by the commission are subject to the con-
ditions by the ordinance imposed. In so far as the neces-
sity for a valid contract is concerned, it will answer
the requirements of the ordinance if there be a valid ac-
ceptance within ninety days after the termination of
this litigation.

The Public Service Commission did not withhold its
approval of the ordinance in this case, and we do not
deem it necessary to discuss the question of the power
of the legislature to impose upon a public service corpo-
ration, under the facts here presented, the burden of ob-
taining the consent of the commission before exercising
the powers conferred by its charter. We deem it safer
to wait until some company attempts to exercise such
powers without obtaining the approval of the Pub-
lic Service Commission. There was much testi-
mony taken in this case and the commission was as-
sisted by very able counsel who presented the conten-
tions of the respective parties. It is not our function to
act as a second administrative commission. The find-
ing of the commission that the approval of this appli-
cation is necessary and proper for the service, accommo-
dation, convenience or safety of the public is prima facie
evidence of the reasonableness thereof, and the burden
of proving the contrary rests upon the appellant.
Whether it is necessary or proper for the service, ac-
commodation, convenience and safety of the public of the
City of Wilkes-Barre that their requirements in the mat-
ter of heat, light and power be provided by one or two
public service companies cannot be a question of law.
We certainly cannot affirm that the determination of the
commission is not in conformity with law. There may
be a question under the evidence as to whether the de-
termination of the commission was reasonable, but it
cannot be said that it was without evidence to support
it, and in such a case we are not to substitute our judg-

ment for that of the commission, on a purely administrative question.

The determination of the Public Service Commission is affirmed and the appeal dismissed at the costs of the appellant.